UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WALTER PHILLIPS,** ) | **Case No. 1:11-CV-1630** |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Judge Dan Aaron Polster** |
| ) | |
| **STATE OF OHIO,** ) | |
| ) | **OPINION AND ORDER** |
| Respondent. ) | |
| ) | |

Pending before the Court is an amended petition for writ of habeas corpus filed *pro se* by Walter Phillips pursuant to 28 U.S.C. § 2254.  (Doc. # 5).  Magistrate Judge Knepp, II, issued a Report and Recommendation ("R&R") in which he recommends denying the petition.  (Doc. # 24).  Petitioner objects to the R&R.  (Doc. # 25).  Because Phillips' claims are procedurally defaulted, the Court will overrule the objections, adopt the R&R, and deny the petition.

I.

Phillips awoke on a Saturday morning in late August 1985 to find his car sitting in the driveway of his home, damaged.  He thought his wife had caused the damage, so he looked around the house to find her, but could not.  He asked his step-son, then age 13, but he did not

know his mother's whereabouts either. Phillips was angry and decided to take it out on his three children—two step-sons and a daughter—in a grotesque fashion. He beat the boys with a metal mop handle, threatened them with a handgun, and forced them to perform fellatio on him. Phillips also beat his daughter with the mop handle, ordered her to remove her clothes, forced her to suck his nipples, and made her perform fellatio on one of the sons. Phillips then tried to engage in vaginal intercourse with her, but could not achieve full penetration.

As soon as the mother learned of the events, she called the police, and Phillips was arrested. He was indicted by a Cuyahoga County grand jury on five counts of rape, two counts of gross sexual imposition, and one count of felonious assault. Trial was scheduled to take place on September 8, 1986. During jury selection, Phillips asked permission to use the restroom, was excused, and then slipped out of the courthouse. He remained at large for 23 years before being picked up for shoplifting in 2009 in Kenton, Ohio. Phillips was brought back to Cuyahoga County and tried for his conduct in 1985.

The trial began on March 15, 2012. At the conclusion of the state's case, the trial court granted Phillips's partial motion for acquittal, dismissing one count of rape and both counts of gross sexual imposition. The jury convicted Phillips on the remaining counts: four counts of rape and one count of felonious assault with a firearm specification. The trial court sentenced him to 18 to 75 years of incarceration, in accordance with sentencing laws in effect in 1985, and he was labeled a Tier III sex offender.

Phillips timely appealed his conviction to the Court of Appeals for the Eighth Appellate District. He raised three assignments of error: insufficiency of the evidence; cruel and unusual punishment; and prosecutorial misconduct. On February 3, 2011, the Court of Appeals affirmed

his conviction. On April 28, 2011, Phillips filed a notice of appeal with the Ohio Supreme Court, but the notice of appeal was too late—well past the 45-day deadline set by the Ohio Supreme Court Practice Rules. Accordingly, the Supreme Court denied his motion for leave to file a delayed appeal and dismissed his case.

Phillips subsequently filed the instant habeas petition in which he raises five grounds for relief: insufficiency of the evidence; violation of the Ohio statute of limitations; violation of the Sixth Amendment right to a speedy trial; ineffective assistance of counsel; and cruel and unusual punishment.

II.

Pursuant to 28 U.S.C. § 636 (b)(1), the Court shall "make a de novo determination of those portions of the [R&R] . . . to which objection is made." But before turning to the merits of Phillips's objections, the Court must determine if his claims are procedurally defaulted. See Williams v. Anderson, 460 F.3d 789, 805–06 (6th Cir. 2006).

A petitioner procedurally defaults a claim "by failing to comply with state procedural rules in presenting his claim to the appropriate state court." Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006). The Sixth Circuit has held that the Ohio Supreme Court's denial of a motion for a delayed appeal, such as occurred here, is "sufficient to bar federal court review" since it is a "procedural ruling." Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004).

Of course, procedural default may be excused under certain circumstances. See Murray v. Carrier, 47 U.S. 478, 488 (1986). Phillips argues he should be excused because his appellate lawyer's ineffective counsel caused him to miss the appeal deadline. He claims that he was only notified of the deadline to appeal his case nine days after it had passed. "A petitioner's alleged

ignorance of the law is not, however, sufficient to establish cause" to excuse procedural default. Miller v. Webb, 74 Fed. Appx. 480, 482 (6th Cir. 2003). In Miller, for example, the Sixth Circuit held that the petitioner's ignorance of the statute of limitations period did not excuse his procedural default. Likewise, Phillips's ignorance of the deadline for filing an appeal does not excuse his default.

Furthermore, Phillips was well aware of the urgency of filing an appeal with the Ohio Supreme Court. His attorney sent him a letter mere days after the Ohio Court of Appeals affirmed his conviction stating, "You may wish to consider appealing this matter to the Ohio Supreme Court. If you wish to do so, I advised [sic] you to contact the State Public Defender immediately." (Doc. # 12 at 16).

Accordingly, because the Ohio Supreme Court denied Phillips's motion for a delayed appeal, the Court finds that the claims are procedurally defaulted. The Court further finds no cause to excuse the default. Thus, the grounds for relief that were raised in the state court and subsequently raised in the instant petition—insufficiency of the evidence and cruel and unusual punishment—are denied.

That leaves remaining three grounds for relief: violation of the Ohio statute of limitations; violation of the Sixth Amendment right to a speedy trial; and ineffective assistance of counsel. However, a petitioner procedurally defaults a claim by failing to raise it in the state courts. Williams, 460 F.3d at 806. As noted above, Phillips failed to present these claims in any manner to the state Court of Appeals. He also fails to offer this Court an explanation or reason to excuse his procedural default. Accordingly, these grounds must be denied.

III.

For the foregoing reasons, the Court finds that Phillips has procedurally defaulted his grounds for relief. They are therefore denied, the objections (Doc.# 25) are overruled, the R&R (Doc. # 24) is adopted, and the underlying amended petition (Doc. # 5) is dismissed.

**IT IS SO ORDERED.**


*/s/Dan AaronPolster 5/24/12*
**Dan Aaron Polster**
**United States District Judge**